IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>Plaintiff, <br><br>v. <br><br>JULIO ANIBAL GONZÁLEZ-COMPRESS [7], <br><br>Defendant. | CRIMINAL NO. 16-482 (PAD) |

**REPORT AND RECOMMENDATION**

**I.     Procedural Background.**

Defendant Julio Anibal González-Compress [7] was charged in Count One of a two-count Second Superseding Indictment and he agreed to plead guilty to Count One of the Second Superseding Indictment.

Count One charges Defendant with conspiracy to distribute and cause the distribution of five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, intending and knowing that such substance would be unlawfully imported into the United States. All in violation of Title 21, United States Code, Sections 959, 960 and 963.

**II.     Stipulation as to the Amount of Narcotics.**

The United States of America and the defendant stipulate for purposes of the Plea Agreement that Defendant shall be accountable for at least one hundred and fifty (150) kilograms but less than four hundred and fifty (450) kilograms of cocaine, a Scheduled II Narcotic Drug Controlled Substance. Defendant understands the Court is not required to accept the parties' stipulation regarding the applicable drug weight.

<u>United States of America v. Julio Anibal González-Compress [7]</u>
Criminal No. 16-482 (PAD)
Report and Recommendation
Page 2

### III.     Consent to Proceed Via Video Conference.

On August 15, 2022, Defendant appeared before this magistrate judge because the Rule 11 hearing was referred by the Court. The hearing proceeded without Defendant physically present because the district judge made the findings consistent with the Public Emergency Miscellaneous Order issued by the Chief Judge implementing the Cares Act which authorizes video conferencing during the emergency created by COVID-19. *See* Misc. 20-mc-088 (GAG).

Defendant specifically waived physical appearance for the change of plea hearing and consented to appear via video conference. Defendant was advised of the purpose of the hearing and placed under oath with instructions that if his answers were not truthful he could be subject to perjury or making a false statement. Defendant was notified that he could ask from this Magistrate Judge any clarification, repetition, or question and that he could consult with his attorney at any time.

### IV.     Consent to Proceed Before a Magistrate Judge.

Defendant was advised of his right to hold all proceedings, including the change of plea hearing, before a district judge. Defendant was informed that if he elected to proceed before a magistrate judge, then the magistrate judge would conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge. Defendant then voluntarily consented to proceed before a magistrate judge in a felony case and waived his right to trial by jury by voluntarily signing the proper form.[1]

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by the parties is made part of the record.

<u>United States of America v. Julio Anibal González-Compress [7]</u>
Criminal No. 16-482 (PAD)
Report and Recommendation
Page 3

### V.    Proceeding Under Rule 11 of the Fed. R. Crim. P.

Under Rule 11 of the Federal Rules of Criminal Procedure the plea must be knowing, voluntary and intelligent. Rule 11 embodies three "core concerns": "1) absence of coercion; 2) the defendant's understanding of the charges; and 3) the defendant's knowledge of the consequences of the guilty plea." <u>United States v. Gray</u>, 63 F.3d 57, 60 (1st Cir. 1995); <u>United States v. Cotal-Crespo</u>, 47 F.3d 1, 4 (1st Cir. 1998).

### A. Competence to Enter a Guilty Plea.

This magistrate judge verified Defendant's age, education, the use of medication, drugs, alcohol, or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy.

Defendant indicated received a copy of the Second Superseding Indictment and fully discussed it with his counsel. Defendant confirmed he consulted with his counsel prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, including, among other things, the change of plea, the consent to proceed before a magistrate judge, the content of the Second Superseding Indictment and the charges therein, the elements of the offense, his constitutional rights, and the consequences of the waiver of same. Defense counsel confirmed that Defendant was competent to enter a plea.

Considering Defendant's coherent responses and adequate demeanor, a determination was made as to Defendant's competency and ability to understand the proceedings.

### B. Voluntariness.

Defendant confirmed that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty. Defendant acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set forth in the Plea Agreement. Defendant indicated he was entering a plea because in fact he was guilty, without any promises or predictions being made as to the sentence to be imposed.

### C. Waiver of Constitutional Rights.

Defendant was specifically advised by this magistrate judge that, by entering a plea of guilty to the charge specified, he was waiving several constitutional rights. Defendant was informed that he has the right to a public and speedy trial by jury and the jurors have to unanimously agree to a verdict; he would be presumed innocent at trial; the government would have to prove at trial his guilt beyond a reasonable doubt; he would have the right during the trial to confront and cross examine the government's witnesses, as well as present evidence on his behalf; he would have the right to compel the attendance of witnesses and to issue subpoenas to compel evidence on his behalf; and be assisted and remain assisted by counsel throughout all stages of the proceedings. Defendant was also informed of his right to testify or not testify and that no adverse inference could be drawn from his decision not to testify. In addition, Defendant was explained of his right not to incriminate himself and that, upon a waiver of all above-discussed rights, a judgment of guilty would be entered and his sentence would be based

on his plea of guilty. Furthermore, Defendant was notified that he would be sentenced by a district judge.

Defendant acknowledged each right and indicated he freely and voluntarily waived his constitutional rights and understood the consequences.

**D. Maximum Penalties.**

Defendant stated he understood the penalties prescribed by statute for the offense to which he was pleading guilty.

The maximum statutory penalty for the offense charged in Count One of the Second Superseding Indictment is a term of imprisonment which shall not be less than ten (10) years and up to life imprisonment; a fine not to exceed ten million dollars ($10,000,000.00); and a supervised release term of at least five (5) years in addition to any term of incarceration, all pursuant to 21 U.S.C. §960(a)(3), (b)(1)(B)(ii). A special monetary assessment of one hundred dollars ($100.00), per count of conviction, will be imposed and deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

The nature of supervised release and the consequences of revocation were also explained to Defendant.

**E. Plea Agreement.**

Defendant was shown the document entitled "Plea Agreement" and he verified his signature and initials on each page. Defendant acknowledged discussing with his counsel the Plea Agreement and its Supplement and understanding the consequences of his guilty plea. Defense counsel recognized explaining the terms, conditions and consequences of

United States of America v. Julio Anibal González-Compress [7]
Criminal No. 16-482 (PAD)
Report and Recommendation
Page 6

the Plea Agreement and its Supplement to Defendant.

Defendant and his counsel agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory. Defendant was explained that the Plea Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms, and conditions which Defendant, his attorney, and the government, have agreed.

The parties' estimate and agreement regarding the possible applicable advisory Sentencing Guidelines were explained to Defendant. The base offense level, pursuant to USSG §2D1.1(c)(6), for at least 150 kilograms but less than 450 kilograms of cocaine, is of Thirty-Six (36). A decrease of three (3) levels is agreed for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1. Therefore, the total adjusted offense level is of Thirty-Three (33).

The parties do not stipulate as to any Criminal History Category for Defendant.

Defendant asserted that he understood the sentencing recommendation, namely, as to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. §3553(a), the parties agree to request a sentence of imprisonment at lower end of the applicable Guidelines range at a total offense level of 33 when combined with the criminal history category determined by the Court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

The United States and Defendant agree that no further adjustments or departures

<u>United States of America v. Julio Anibal González-Compress [7]</u>
Criminal No. 16-482 (PAD)
Report and Recommendation
Page 7

to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. §3553- other than any explicitly provided for in the Plea Agreement- shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in the Plea Agreement will be considered a material breach of the Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

At sentencing should there be any pending counts, and should Defendant comply with the terms the Plea Agreement, the United States will move to dismiss the remaining counts of the Second Superseding Indictment pending against Defendant in this case.

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defense counsel indicated he explained to Defendant the immigration consequences.

Defendant was informed that parole has been abolished and that any sentence of imprisonment must be served, without him being released on parole.  Defendant was additionally notified that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, to correct or object any information contained in that report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea.  Defendant was also

United States of America v. Julio Anibal González-Compress [7]
Criminal No. 16-482 (PAD)
Report and Recommendation
Page 8

explained that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised that the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal which was read to Defendant. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences.

**F. Factual Basis for Guilty Plea.**

The government presented to this magistrate judge and to Defendant, assisted by his counsel, a summary of the basis in fact for the offense charged and the evidence the government had available to establish, in the event Defendant had elected to go to trial, Defendant's guilt beyond a reasonable doubt. Defendant was also read and shown the "Stipulation of Facts" which is part of the Plea Agreement. Defendant understood the explanation and agreed with the government's submission as to the evidence which could have been presented at trial.

**VI. Conclusion.**

Defendant stated that what was contained in Count One of the Second Superseding Indictment was what he had done, and he admitted the elements of the offense. Thereupon, defendant indicated that he was pleading guilty to Count One of the Second Superseding Indictment in Criminal No. 16-482 (PAD).

This magistrate judge, after having explained to the Defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in

Case 3:16-cr-00482-PAD   Document 424   Filed 08/17/22   Page 9 of 9

United States of America v. Julio Anibal González-Compress [7]
Criminal No. 16-482 (PAD)
Report and Recommendation
Page 9

his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, recommends that a plea of guilty be entered as to Count One of the Second Superseding Indictment in Criminal No. 16-482 (PAD).

The sentencing hearing is set for December 9, 2022, at 1:30 pm before Honorable Pedro A. Delgado, District Judge.

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. *See*, 28 U.S.C. Sec. 636(b)(1); Fed. R. Crim P. 59 (b)(2); Fed. R. Civ. P. 72(b); and Puerto Rico Local Rule 72(d). Failure to file same within the specified time waives the right to appeal this order. Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, this 17th day of August of 2022.

                                            s/ CAMILLE L. VELEZ-RIVE
                                            CAMILLE L. VELEZ-RIVE
                                            UNITED STATES MAGISTRATE JUDGE